UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-23185-GAYLES

FABRIZIO DELLA POLLA,

    Plaintiff,

vs.

ALEXANDER PALENCIA,

    Defendant.

_____/

**PROPERTY MARKET GROUP, INC.'S MOTION TO QUASH OR MODIFY
FABRIZIO DELLA POLLA'S SUBPOENA *DUCES TECUM***

    Non-Party, PROPERTY MARKETS GROUP, INC. ("**PMG**"), through undersigned counsel and pursuant to Fed. R. Civ. P. 45, hereby serves this Motion to Quash or Modify Plaintiff, FABRIZIO DELLA POLLA's Subpoena *Duces Tecum* (the "**Subpoena**")[1], and states as follows:

**INTRODUCTION**

    The Subpoena seeks expansive records from PMG, a non-party. Defendant, ALEXANDER PALENCIA ("**Palencia**"), has moved to dismiss Plaintiff's Amended Complaint, *with prejudice* [D.E. 17] and to stay discovery [D.E. 19] (collectively, the "**Motions**"). The Motions are fully briefed and pending before the Court. While the Subpoena seeks expansive records from PMG over a nine (9) year period, the Court's rulings on the Motions may narrow the scope of the Subpoena, or if either motion is granted, obviate or delay the need for PMG to produce documents. This is especially appropriate given that Defendant has objected to engaging

---

[1] The Subpoena, a copy of which is attached as Exhibit 1, was served on PMG on November 4, 2020. Plaintiff agreed to provide PMG with a fourteen (14) day extension through and until December 2, 2020 for its response.

in any discovery, including Fed. R. Civ. P. 26(a) disclosures which are likely to comprise the information sought form PMG, until resolution of the motion to dismiss. [D.E. 19]. In the interest of efficiency, preserving resources, and undue burden, PMG should not be required to produce documents, if at all, until the Court rules on the Motions (and PMG's objection). Further, the Subpoena seeks documents protected by the attorney-client privilege.

Accordingly, this Court should modify or quash the Subpoena.

## **MEMORANDUM OF LAW**

As set forth in Palencia's Motion to Stay Discovery Pending Ruling on His Dispositive Motion to Dismiss and Memorandum of Law in Support [D.E. 19 at pp. 2-3], discovery may be stayed pending ruling on a motion to dismiss which is dispositive or likely to narrow the issues. *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1367–68 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should . . . be resolved before discovery begins"); *accord McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-cv-20194, 2017 U.S. Dist. LEXIS 4057, at *3 (S.D. Fla. Jan. 11, 2017) (Gayles, J.); *Fondo de Proteccion Soc. de Los Depositos Bancarios v. Diaz Reus & Targ, LLP*, No. 16-cv-21266, 2016 U.S. Dist. LEXIS 195324, at *2 (S.D. Fla. Dec. 29, 2016) (Torres, Mag. J.); *Solar Star Sys., LLC v. BellSouth Telcomms., Inc.*, No. 10-cv-21105, 2011 U.S. Dist. LEXIS 38150, at *2 (S.D. Fla. Mar. 20, 2011) (Moreno, J.).

Fed. R. Civ. P. 45(d)(3) states that the "court for the district where compliance is required must quash or modify a subpoena that … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

PMG has contemporaneously served its objection to the Subpoena based upon, in pertinent part, attorney-client privilege and undue burden.[2] The Subpoena seeks expansive documents and communications regarding persons and entities related to multiple real estate projects over a nine (9) year period, which necessarily includes communications between PMG's representatives and its counsel. Indeed, in order to comply with the Subpoena, PMG will be required to search four (4) email custodians, one of which is an in-house lawyer for PMG. There are substantial communications subject to the attorney-client privilege. Fla. Stat. § 90.502(2) ("A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client").

Compliance with the Subpoena requires substantial electronically stored information searches for communications and documents over a nine (9) year period. Four (4) of the real estate projects at issue are active developments and there are likely thousands of emails and records. PMG will incur substantial inconvenience and expense in order to conduct those searches, review, and produce documents. *Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020) (Torres, Mag. J) ("Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party"); *Accord* Fed. R. Civ. P. 26(b)(1) (balancing relevance and proportionality). If the Motions are denied, Plaintiff should be required to proceed first with seeking the subject records from Palencia before PMG is required to undertake the inconvenience and expense of the substantial search, review, and production process. Production of responsive records by Palencia would obviate or reduce the undue burden upon non-party

---

[2] A copy of PMG's response to the Subpoena is attached as <u>Exhibit 2</u>. PMG hereby incorporates by reference its objection to the Subpoena.

PMG. At a minimum, production by PMG should be conditioned upon compensation for the expense associated with compliance with the Subpoena. Fed. R. Civ. P. 45(d)(2)(B)(ii) ("If an objection is made … [t]hese acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance").

WHEREFORE, Non-Party, PROPERTY MARKETS GROUP, INC., respectfully requests that this Court enter an Order quashing or modifying the subject subpoena, and for such other and further relief in favor of PMG as this Court deems just and proper.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Counsel for the movant has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

By: /s/ Josh M. Rubens
    Josh M. Rubens, Esq.
    Fla. Bar No. 77603
    KLUGER, KAPLAN, SILVERMAN,
    KATZEN & LEVINE, P.L.
    Citigroup Center, 27th Floor
    201 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 379-9000
    Facsimile:  (305) 379-3428
    Email: jrubens@klugerkaplan.com

CASE NO. 1:20-cv-23185-GAYLES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2020, a true and correct copy of the foregoing was filed and served via CMF/ECF on all counsel of record.

By: /s/ Josh M. Rubens
Josh M. Rubens, Esq.