UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 20-23185-CIV-GAYLES/OTAZO-REYES**

FABRIZIO DELLA POLLA,

    Plaintiff,

v.

ALEXANDER PALENCIA,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Alexander Palencia's ("Defendant" or "Palencia") Rule 12(b)(6) Motion to Dismiss and Incorporated Memorandum of Law (hereafter, "Motion to Dismiss") [D.E.17]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 21]. The undersigned held a hearing on this matter on January 11, 2021 [D.E. 37]. Having reviewed the parties' written submissions and having heard the argument of counsel, the undersigned respectfully recommends that Defendant's Motion to Dismiss be DENIED.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Fabrizio Della Polla ("Plaintiff" or "Della Polla") commenced this action on July 21, 2020 with the filing of a Complaint asserting claims for: fraud; breach of fiduciary duty; negligent misrepresentation; breach of partnership agreement; declaratory relief; and equitable accounting. See Compl. [D.E. 1]. On September 9, 2020, Defendant moved to dismiss the Complaint, arguing that the alleged oral partnership agreement that Plaintiff claimed Defendant had breached was unenforceable under Florida's Statute of Frauds; and that, based on public records, Plaintiff did not directly contribute funds to the project allegedly undertaken by the parties.

See First Mot. to Dismiss [D.E. 10 at 8]. Therefore, according to Defendant, the entire Complaint was subject to dismissal.

On October 12, 2020, Plaintiff filed an Amended Complaint withdrawing the claims for breach of partnership agreement and declaratory relief and asserting claims for: fraud; negligent misrepresentation; breach of fiduciary duty; unjust enrichment; constructive trust; and equitable accounting. See Am. Complaint [D.E. 12 at 44-52]. The factual predicate for these claims is that, after an initial profitable venture with Della Polla in the animal food business, Palencia suggested that the parties invest some of their profits in a New York real estate development project involving numerous financial transactions but that, after extensive e-mail correspondence on the matter regarding the investment, Palencia ultimately denied that Della Polla had any financial interest in the deal. Id. at 4-44.

In his Motion to Dismiss, Defendant argues that Plaintiff's entire pleading is subject to dismissal with prejudice on the following grounds:

- The Amended Complaint is a shotgun pleading;

- All of Plaintiff's claims are barred by the Statute of Frauds;

- The fraud and negligent representation claims are facially implausible; are not pleaded with particularity as required by Fed. R. Civ. P. 9(b); and are barred by the independent tort doctrine;

- The breach of fiduciary duty; unjust enrichment; constructive trust; and equitable accounting claims are contradicted by the exhibits to the Amended Complaint;

- The breach of fiduciary duty and unjust enrichment claims fail to identify a cognizable fiduciary duty;

- Constructive trust is not a recognized cause of action in Florida; and

- The claim for equitable accounting fails to allege that a remedy at law would be inadequate.

See Mot. to Dismiss [D.E. 17 at 12-26].

**DISCUSSION**

Initially, the undersigned finds no basis for Defendant's contention that the Amended Complaint is a shotgun pleading. While the factual allegations are lengthy and recite the contents of numerous emails, a review of the pleading shows that it does not fit into any of the four types of shotgun complaints identified in Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 3121-23 (11th Cir. 2015) (listing the types of shotgun pleadings as those in which multiple counts adopt the allegations of the preceding count, those containing conclusory or irrelevant allegations, those that do not separate claims into different counts, and those that combine multiple defendants in one count). Therefore, the Amended Complaint is not subject to dismissal on this ground.

Moreover, contrary to Defendant's contention, the Statute of Frauds does not operate as a blanket bar to Plaintiff's claims for fraud, negligent misrepresentation, breach of fiduciary duty, unjust enrichment, constructive trust, and equitable accounting. Extracting various references to the terms "partner," "partnership," and "joint investment" in the Amended Complaint, Defendant argues that the entire pleading is subject to dismissal because it affirmatively shows the conclusive applicability of the Statute of Frauds defense. See Mot. to Dismiss [D.E. 17 at 14-15] (citing OJ Com., LLC v. Ashley Furniture Indus., Inc., 359 F. Supp. 3d 1163, 1172 (S.D. Fla. 2018)). However, the references in the Amended Complaint to these terms are insufficient to bypass the necessity for actually asserting the Statute of Frauds defense in an answer. Conner, I, Inc. v. Walt Disney Co., 827 So. 2d 318 (Fla. 2d DCA 2002) ("Generally, the statute of frauds is an affirmative defense that cannot be raised in a motion to dismiss unless the complaint affirmatively shows the conclusive applicability of such defense to bar the action.") (citation omitted). Therefore, the Amended Complaint is not subject to dismissal on this ground.

Defendant's challenges to Plaintiff's fraud and negligent misrepresentation claims are also lacking in merit. At this juncture in the proceedings, the numerous emails quoted in the Amended

Complaint are sufficient to defeat dismissal of these claims notwithstanding Defendant's reliance on purportedly contradictory documents for the proposition that none of Plaintiff's money went into the New York real estate development project at issue in this case. St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986) ("In ruling on the motion to dismiss the district court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff."). Moreover, the plethora of quoted emails satisfies the particularity requirements of Fed. R. Civ. P. 9(b) with respect to the contents of the allegedly false statements and the circumstances surrounding them. Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1371 (11th Cir. 1997) (Fed. R. Civ. P. 9(b) is satisfied by alleging (1) precisely what false or fraudulent statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the statements; (3) the statement's content and the manner in which they misled the Plaintiff; and (4) what the defendant obtained as a consequence of the fraud.) (citations omitted). Finally, Defendant's contention that the fraud and negligent misrepresentation claims are barred by the independent tort doctrine relies on cases that are inapplicable here because they involve enforceable contracts. Therefore, the fraud and negligent misrepresentation claims are not subject to dismissal on these grounds.

Defendant also argues that Plaintiff's claims for breach of fiduciary duty, unjust enrichment, constructive trust, and equitable accounting are contradicted by the exhibits to the Amended Complaint. However, as noted above, Plaintiff is entitled to having his allegations viewed in the light most favorable to him, notwithstanding Defendant's interpretation of purportedly contradictory documents. See St. Joseph's Hosp., 795 F.2d at 954. Therefore, the breach of fiduciary duty, unjust enrichment, constructive trust, and equitable accounting claims are not subject to dismissal on this ground.

With regard to Plaintiff's claims for breach of fiduciary duty and unjust enrichment, Defendant also argues that Plaintiff has failed to identify a cognizable fiduciary duty. According to Defendant, "there is no basis in law to find a cognizable fiduciary relationship between two sophisticated entrepreneurs engaging in arms-length transactions." See Defendant's Reply in Support of Motion to Dismiss (hereafter, "Reply") [D.E. 24 at 13]. This argument wholly depends on Palencia's characterization of Della Polla as a "sophisticated entrepreneur" and disregards the allegations in the complaint that Palencia "had superior knowledge and skills in finance and investment; had significant experience and expertise in real estate investment and development; would take care of Mr. Della Polla's interests as his partner; and would handle relations with lawyers and accountants on the men's joint behalf." See Response to Motion to Dismiss [D.E. 22 at 16] (citing Amended Complaint, ¶¶ 2, 4, 59, 60, 71, 73, 79, 80, 83, 84 and 85). It bears repeating that, at this juncture, Plaintiff is entitled to having his allegations viewed in the light most favorable to him. See St. Joseph's Hosp., 795 F.2d at 954. Therefore, Plaintiff's claims for breach of fiduciary duty and unjust enrichment are not subject to dismissal on this ground.

In opposition to Defendant's contention that constructive trust is not a recognized cause of action in Florida, Plaintiff cites Collison v. Miller, 903 So.2d 221, 228 (Fla. 2d DCA 2005) and Guest v. Claycomb, 932 So.2d 567, 570 (Fla. 5th DCA 2006). See Response [D.E. 22 at 20]. Moreover, although Defendant characterizes this claim as "free standing," Plaintiff presents it as a remedy for his unjust enrichment claim, fraud, negligent misrepresentation and breach of fiduciary duty claims. Id. Therefore, Plaintiff's claim for constructive trust is not subject to dismissal on this ground.

Finally, Defendant argues that Plaintiff's equitable accounting fails to allege that a remedy at law would be inadequate. In his Reply, Defendant further argues that "even if any of [Plaintiff's] claims survive dismissal, Plaintiff fails to establish that facts at issue are so difficult or complicated

as to justify an equitable accounting." See Reply [D.E. 24 at 13]. However, a review of Plaintiff's prolix Amended Complaint shows that the facts at issue are nowhere near as simple as Defendant makes them out to be. Therefore, Plaintiff's claim for equitable accounting is not subject to dismissal on this ground.

## RECOMMENDATION

Based on the foregoing considerations, it is RESPECTFULLY RECOMMENDED that Defendant's Motion to Dismiss be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 27th day of April, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
      Counsel of Record